**UNITED STATES DISTRICT COURT FOR THE**
**DISTRICT OF NEW HAMPSHIRE**


Harvey Pratt


        v.                                    Civil No. 05-cv-395-PB


Richard Flynn, Commissioner of
The New Hampshire Department of
Safety, et al.


**REPORT AND RECOMMENDATION**


    Harvey Pratt has filed an amended complaint (document no.

8), presumably intended as an objection to the Report and

Recommendation (document no. 7) issued by this Court on February

16, 2006, recommending dismissal of the complaint.  After

consideration of the facts alleged in Pratt's original,

supplemental, and amended complaints,[1] I find no reason to

revisit my previous recommendation to dismiss the First Amendment

claim of lack denial of access to the courts.  Further, I

recommend dismissal of the loss of employment and equal

---

    [1]Pratt's initial complaint was filed on November 7, 2005
(document no. 1).  Pratt then filed a supplement to that
complaint on February 8, 2006 (document no. 6).  Because it
appears that Pratt seeks in his amended complaint (document no.
8) to clarify the claims previously raised, I will consider the
information provided in all three documents in the aggregate to
be the complaint in this matter.

protection claims originally raised in the supplemental

complaint.  Upon consideration of the amended complaint, however,

I will direct, in an Order issued simultaneously with this Report

and Recommendation, that Pratt's claims alleging a due process

violation against the defendants for branding him as a sex

offender, as well as the pendent state tort claims based on the

same transaction, be served on the defendants.

### Background[2]

Pratt is an inmate of the New Hampshire Department of

Corrections, serving a 2-6 year sentence for interfering with

child custody.  On March 9, 2005, Pratt obtained a certified copy

of his criminal record from the New Hampshire Department of

Safety Division of State Police ("DOS").  Although Pratt's record

correctly reflected his felony conviction for interference with

custody, it also stated in the comments section of the printed

record: "SEX OFFENDER PROGRAM."  Pratt immediately sent a letter

to defendant Jeffrey Kellett, the Criminal Records Administrator

at DOS, advising Kellett that he was not charged with or

---

[2]Although the facts alleged in the initial complaint were
discussed in my February 16 Report and Recommendation, I will
briefly reiterate the facts upon which this recommendation is
based, as the facts and intended claims have been clarified by
Pratt's amended complaint.

convicted of a sex offense and therefore does not have to

register as a sex offender, and that the sex offender program at

the prison was not a part of his sentence.[3]   On March 23, 2005,

Kellett responded to Pratt in a letter indicating that the

notation in his record referred to his 2001 sentencing order, in

which the sex offender program had been recommended by the

sentencing court.   Rather than apprise Kellett that his sentence

had been amended to delete that recommendation, Pratt sent a

letter to defendant Richard Flynn, the Commissioner of the DOS,

objecting to being publicly labeled as a "sex offender" by the

notation in his criminal record, and requesting that his record

be amended to remove the reference to the sex offender program.

On April 5, 2005, Kellett responded to Pratt's letter to Flynn

and attached an amended criminal record that stated in the

comments section: "COURT RECOMMENDS ATTENDANCE TO SEX OFFENDER

PROGRAM."   Pratt followed with this lawsuit.

I initially construed Pratt's claim as an objection to being

required to register as a sex offender pursuant to N.H. Rev.

---

[3]In fact, the sex offender program was recommended for Pratt
by the sentencing court at Pratt's original sentencing in 2001.
In July of 2004, however, Pratt's sentence was amended to delete
the specific recommendation that Pratt participate in the sex
offender program at the prison.

Stat. Ann. §§ 651-B:3-4.  Upon review of Pratt's amended

pleadings, however, it is clear that Pratt intended a claim that

his due process rights were violated as a result of being labeled

as a sex offender on his DOS criminal history record.  Pratt

asserted a number of harms that either had occurred or would

follow from the damage to his reputation caused by the sex

offender label, including: exposure to contempt, the possibility

that his "good name" in the prison and community would be

damaged, anxiety, depression, physical assault,[4] insomnia, and

pain.

Discussion

1.   Due Process Claim - Sex Offender Label

Pratt alleges that he has been labeled as a sex offender by

the defendants, and that such label has caused him to suffer

stigmatization sufficient to create a violation of his liberty

interests under the Fourteenth Amendment.  As this Court has

previously stated in another case filed by the plaintiff:

> Three circuits have held that in certain
> circumstances, classification as a sex offender
> during imprisonment implicates a liberty interest
> and  that prisoners must be afforded due process to

---

[4]Pratt simply states that he has suffered from physical
assault and does not offer any facts describing the alleged
assault.

dispute such a classification.  <u>Chambers v.
Colo. Dep't of Corr.</u>, 205 F.3d 1237 (10th Cir.
2000) (the stigma of classification as a sex
offender plus the loss of the opportunity to earn
the full amount of good time available to other
inmates implicated a liberty interest); <u>Kirby v.
Siegelman</u>, 195 F.3d 1285 (11th Cir. 1999) (the
stigmatizing effect of being classified as a sex
offender constituted a deprivation of liberty under
the Due Process Clause); <u>Neal v. Shimoda</u>, 131 F.3d
818 (9th Cir. 1997) (prison regulation that labeled
inmates as sex offenders and required completion of
a sex offender treatment program as a condition for
parole eligibility created liberty interest and
some due process protection for prisoners who had
not been convicted of sexual misconduct).

In <u>Kirby</u>, a prisoner who had not been convicted of
a sex offense was classified as a sex offender
while in prison and required to undergo sex
offender treatment as a pre-condition to parole
eligibility.  <u>Kirby</u>, 195 F.3d at 1288.  The court
concluded that the prisoner had a protected liberty
interest in avoiding the sex offender label and the
attendant requirement that he complete sex offender
treatment.  <u>Id.</u> at 1291.  The court reasoned that
"the stigmatizing effect of being classified as a
sex offender constitutes a deprivation of liberty
under the Due Process Clause."  <u>Id.</u>

<u>Pratt v. N.H. Dep't of Corr.</u>, No. Civ. 05-cv-367, 2006 WL 995121

at *10-11 (D.N.H.) (Order Approving Report and Recommendation).

     Pratt alleges here that the defendants' actions in including

and refusing to remove reference to a "sex offender program" on

his criminal history record caused Pratt to be labeled as a sex

offender.  Pratt further alleges that the stigmatizing effect of

that label violated a liberty interest protected by the
Fourteenth Amendment.  For purposes of preliminary review, I find
that Pratt has set forth sufficient facts to allow this claim to
proceed against defendants Kellett and Flynn.

2.   <u>Due Process Claim – Employment</u>

Pratt asserts a nonspecific violation of "a liberty interest
in employment" occasioned by the defamation Pratt asserts
occurred as a result of his criminal record history containing
reference to a "sex offender program."  Pratt is a prison inmate,
and I therefore assume that he is referring to his ability to
obtain a prison job.[5]  I construe Pratt's claim as alleging a due
process violation in being denied prison employment.  However,
"it is clear that unless state laws or regulations are to the
contrary, prisoners have no vested property or liberty rights to
either obtain or maintain prison jobs." <u>Dupont v. Saunders</u>, 800
F.2d 8, 10 (1st Cir. 1986).  Pratt therefore lacks any federal
due process claim with respect to being denied employment while
incarcerated and I recommend this claim be dismissed.

---

[5]To the extent that Pratt intends to make a speculative
claim about his post-imprisonment employment, I find that claim
is not yet ripe and recommend dismissal of the claim.

3.    Equal Protection Claim

Pratt asserts a claim that he has been "denied . . . equal
protection of the laws in violation of plaintiffs [sic]
fourteenth amendment right under the federal constitution.  Where
plaintiff is not a member of the suspect class 'sex offender'
[sic]."  Liberally construing Pratt's claim, I find that he
attempts to assert a claim that he has been treated differently
than other similarly situated non-sex offenders by the
defendants' actions in causing the words "sex offender program"
to appear and remain on Pratt's criminal record history.

The Equal Protection Clause of the Fourteenth Amendment
mandates that similarly situated persons be treated alike absent
a rational basis for doing otherwise.  See City of Cleburne v.
Cleburne Living Ctr., Inc., 473 U.S. 432, 440 (1985) (citing
Plyler v. Doe, 457 U.S. 202, 216 (1982)); accord Village of
Willowbrook v. Olech, 528 U.S. 562, 564 (2000) (recognizing equal
protection claim where plaintiff alleges that [he] has been
intentionally treated differently from others similarly situated
and there is no rational basis for the difference in treatment).
Where, as here, no suspect classification is involved, "nor any
deprivation of fundamental rights, the ordinary equal protection

7

test is extremely deferential.  The standard formula is that a
non-suspect classification is unconstitutional only if no
legitimate basis can be imagined to support it."  Beauchamp v.
Murphy, 37 F.3d 700, 707 (1st Cir. 1994).

Liberally construed, Pratt's complaint alleges that he was
treated differently than other non-sexual offenders by the
inclusion of a reference to the sexual offender program on his
criminal history record.  It appears that Pratt seeks to identify
himself as a "class of one" for equal protection purposes.  Equal
protection claims may be brought by a "class of one" where the
plaintiff alleges that "[]he has been intentionally treated
differently from others similarly situated and that there is no
rational basis for the difference in treatment."  Village of
Willowbrook v. Olech, 528 U.S. 562, 564 (2000) (citations
omitted); Donovan v. City of Haverhill, 311 F.3d 74, 77 (1st Cir.
2002).  In order to state such a claim, the plaintiff must allege
that he has "been intentionally treated differently from others
similarly situated and that there is no rational basis for the
difference in treatment."  Id., citing Olech, 528 U.S. at 564.
Here, although Pratt has alleged generally that the defendants
acted maliciously and intentionally, he has not provided any

8

information about any other person who was similarly situated to

Pratt who was treated differently than he was, nor has he offered

sufficient specific facts to assert that the decisions of Kellett

and Flynn were entirely arbitrary or irrational.  Therefore,

Pratt has failed to allege the elements of an equal protection

claim and I recommend that the claim be dismissed.  See <u>Wojcik v.</u>

<u>Mass. State Lottery Comm'n</u>, 300 F.3d 92, 104 (1st Cir. 2002)

(rejecting an equal protection claim where claimant failed to

identify specific evidence concerning similarly situated

individuals who received different treatment . . . or evidence

that actions of defendants were result of "wholly arbitrary or

irrational" decision).

4.   <u>State Law Claims</u>

    Pratt has alleged tort claims for defamation, libel,

slander, assault, and the intentional infliction of emotional

distress under state law based on the same facts as his civil

rights claim.  Under 28 U.S.C. § 1367, this Court may exercise

supplemental jurisdiction over state law claims that arise out of

the same facts and circumstances as those alleged to give rise to

the federal claims properly before the Court.  Because Pratt's

tort claims meets that threshold, this Court will exercise its

supplemental jurisdiction over Pratt's claims that are based on state law.  See 28 U.S.C. § 1367.

## Conclusion

For the reasons discussed herein, I recommend that the deprivation of employment and equal protection claims in this matter be dismissed and I decline to revisit my earlier recommendation that the denial of access to the courts claim be dismissed.  I find, however, that Pratt has stated claims upon which relief might be granted sufficient to allow the due process claim based on being labeled as a sex offender and the state law claims based on the facts alleged herein to proceed at this time. I will direct, in an Order issued simultaneously with this Report and Recommendation, that those claims be served on defendants Kellett and Flynn.

If this Report and Recommendation is approved, the claims as identified and described herein will be considered to be the claims raised in the complaint for all purposes.  If Pratt disagrees with the identification of the claims herein, he must do so by objecting to this Report and Recommendation within ten (10) days of receipt of this notice, or by properly moving to amend his complaint.

Any objections to this Report and Recommendation must be filed within ten (10) days of receipt of this notice.  Failure to file objections within the specified time waives the right to appeal the district court's order.  See Unauthorized Practice of Law Comm. v. Gordon, 979 F.2d 11, 13-14 (1st Cir. 1992); United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986).

James R. Muirhead
United States Magistrate Judge

Date:      May 24, 2006

cc:        Harvey Pratt, *pro se*

11